1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

KEVIN DOUGLAS DONAHOE,
Booking #11166876,

13

Plaintiff,

14

vs.

15
16

PEOPLE OF THE STATE OF CALIFORNIA;
LEENA FAWAZ;

17

SHAWN CHADMAN;
LINDSAY LOHANS;

18

DR. SHARE, et al.,

19

Defendants.

20

Civil No.    11-2808 JLS (PCL)

**ORDER:**

**1)  DENYING PLAINTIFF'S MOTIONS
TO PROCEED *IN FORMA PAUPERIS*
AND TO COMPEL
(ECF Nos. 3, 4, 8);**

**AND**

**2)  DISMISSING CIVIL ACTION
AS FRIVOLOUS PURSUANT TO
28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

21      Plaintiff, a San Diego County pretrial detainee at Vista Detention Facility, and proceeding pro

22  se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California on

23  November 21, 2011.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a);

24  instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF

25  No. 3), as well as two successive "Motions to Compel Subpoenas" (ECF Nos. 4, 8.)

26      On December 2, 2011, United States Magistrate Judge Kendall J. Newman transferred the matter

27  to this Court pursuant to 28 U.S.C. § 1406(a), because "most of the named defendants are located, and

28  //

1   the claim arose, in San Diego County."  *See* Dec. 2, 2011 Order (ECF No. 9) at 2.  Judge Kendall did

2   not rule on Plaintiff's pending motions or "the merits of Plaintiff's complaint."  (*Id.* at 1.)

3   **MOTION TO PROCEED IFP**

4          All parties instituting any civil action, suit or proceeding in a district court of the United States,

5   except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).

6   An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in

7   forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047,

8   1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "Under the PLRA

9   [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the

10  filing fee," regardless of whether the action is ultimately dismissed for any reason.  *See Taylor v.*

11  *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

12         In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a

13  "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the

14  6-month period  immediately preceding the filing of the complaint...."  28 U.S.C. § 1915(a)(2).  From

15  the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

16  monthly deposits in the account for the past six months, or (b) the average monthly balance in the

17  account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

18  § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850.  Thereafter, the institution having custody of the prisoner

19  must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in

20  which the prisoner's account exceeds $10, and forward those payments to the Court until the entire

21  filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

22         While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not

23  attached a certified copy of his institutional trust account statement for the 6-month period immediately

24  preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2.  Section

25  1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees

26  ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the

27  6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis

28  added).

1    Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate

2    amount of the filing fee which is statutorily required to initiate the prosecution of this action.  *See* 28

3    U.S.C. § 1915(b)(1).  Accordingly, his Motion to Proceed IFP must be denied.

4                    SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A

5    While the Court would normally grant Plaintiff an opportunity to provide the trust accounting

6    required by 28 U.S.C. § 1915(a)(2), it declines to do so in this case because it finds Plaintiff's Complaint

7    frivolous on its face.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that

8    28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint

9    that is frivolous, malicious or fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004

10   (9th Cir. 2010) (discussing identical sua sponte screening required by 28 U.S.C. § 1915A(a)(1) & (b)

11   of all civil actions instituted by prisoners seeking redress from a governmental entity, officer or

12   employee).

13   The Complaint is nearly incomprehensible and it is difficult to even describe what Plaintiff's

14   claims might be.  On the one hand, Plaintiff refers to "domestic violence" and "stalking" charges in

15   Vista Superior Court, where he claims to have been "tortured" "simply for wanting to self represent

16   [him]self." (Compl. at 9, 11, 12.)  In recompense, Plaintiff seeks "$70 quadrillion" in damages against

17   the State of California, a public defender, "Lindsay Lohan's lawyer," and several judges and large

18   financial institutions for "withholding evidence that creates a miscarriage of justice." (*Id.* at 3, 6.)

19   On the other hand, Plaintiff's pleading also includes anti-religious polemic involving "Joseph"

20   and "Mary Christ" and the "Immaculate Conception" and a demand that "The Holy Spirit (not that fake

21   God Jesus Christ)" use the "two spears of destiny" (42 U.S.C. § 1983, 28 U.S.C. §§ 2254 and 2255),

22   to "take treasure away from evil people and give it back to create jobs all over the planet earth." (*Id.*

23   at 5.)

24   A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v.*

25   *Williams*, 490 U.S. 319, 325 (1989).  Here, there is no question Plaintiff's pleading fails to allege any

26   coherent constitutional violation against any named defendant which is based either in law or in fact.

27   Instead, it contains only anti-religious and conspiratorial allegations that appear "fanciful," "fantastic,"

28   or "delusional."  *Id.* at 325, 328.

Therefore, the Court dismisses the entirety of Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion to Proceed IFP (ECF No. 3) is **DENIED** and the action is **DISMISSED** without leave to amend as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

2. Plaintiff's Motions to Compel (ECF Nos. 4, 8) are **DENIED** as moot.

Further, this Court **CERTIFIES** that no IFP appeal from this Order could be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of Court shall close the file.

**IT IS SO ORDERED**.

DATED: December 15, 2011

Honorable Janis L. Sammartino
United States District Judge